UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| MALCOLM QUERIDO | : | |
| --- | --- | --- |
| | : | |
| v. | : | C.A. Nos. 10-098M and 10-099M |
| | : | |
| A.T. WALL, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff is a former inmate at the Adult Correctional Institutions ("ACI") in Cranston. In these actions brought under 42 U.S.C. §1983, Plaintiff alleges, inter alia, that his Eighth Amendment rights were violated when he was assaulted by correctional officers on two occasions in 2009. On June 20, 2011, District Judge McConnell referred the 10-98M case to me for a Rule 16 scheduling conference and the 10-99M case to me for a settlement conference.

On June 29, 2011, the Court issued notices scheduling the Rule 16 conference for July 25, 2011 at 2:00 p.m. and the Settlement Conference at 2:30 p.m. Plaintiff was released from the ACI on May 18, 2011 and did not notify the Clerk of his new mailing address as required by Local Rule Gen. 205(d)(1).[1] Since Plaintiff is no longer present at the ACI and did not provide the Clerk with his new mailing address, the Clerk sent notice of the hearing to Plaintiff at the forwarding address he provided to the ACI when he was released. The notice was not returned to the Court as

---

[1] Local Rule Gen. 205 (Pro Se Litigants) provides in subsection(d) (Notification) as follows:

(1) Every pro se litigant shall inform the Clerk in writing of any change of name, address, telephone number, and/or fax number within fourteen (14) days of such change.

(2) Any notice sent to and any paper served on a pro se litigant shall be deemed delivered if sent to the most recent address or fax number or e-mail address provided by the litigant pursuant to subsection (b) or (c) of this Rule.

undeliverable by the Postal Service. Plaintiff failed to appear at the July 25, 2011 conferences and did not contact the Court to request a continuance. Defendants' counsel in both cases was present and requested dismissal for failure to prosecute due to Plaintiff's nonappearance.

Under Rule 41(b), Fed. R. Civ. P., the Court is authorized to involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Here, Plaintiff has failed to comply with Local Rule Gen. 205(d)(1) by not notifying the Clerk of his address change and violated a Court Order by not appearing at the scheduled conferences. His failures to do so wasted the time and resources of both the Court and opposing counsel. Also, it appears from the docket that Plaintiff has lost interest in this case after his release from the ACI since it reflects that he has not taken any action in either case in a few months.

Accordingly, I recommend that both of Plaintiff's cases (10-98M and 10-99M) be dismissed with prejudice pursuant to Rule 41(b), Fed. R. Civ. P. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 27, 2011